Bobby's 6.1-001

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---------------------------------------X

Bobby's Department Store, Inc.           :

                                                                 Civil Action No.: 19-CV-____
                                           :   (To be assigned)

       Plaintiff,

                                           :

v.

                                           :

Bobby's Discount, Inc.

                                           :

       Defendant.

---------------------------------------X

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND REQUEST FOR JURY TRIAL

1.    This action arises under the Trademark Laws of the United States, as hereinafter more fully appears. Subject Matter Jurisdiction is conferred on this Court by 28 U.S.C.§§1331 and 1338 & 15 U.S.C. §1121. Personal jurisdiction is proper since the defendant has used an infringing service mark for retail store services in this District. Venue is proper under 28 U.S.C. §1391(b) & (c).

2.    Plaintiff, **Bobby's Department Store Inc.** (hereinafter "**Plaintiff**" or "**Bobby's**") is a corporation duly organized and existing under the laws of the State of New York, and having a place of business at 1628 Church Street, Brooklyn, NY 11226.

3. Defendant, **Bobby's Discount, Inc.** (hereinafter "Bobby's Discount" or "defendant"), on information and belief, is a corporation of New Jersey, having a place of business at **279-281 Main Street, Orange, New Jersey 07050**. Defendant has sold a wide range of various household goods and consumer products in its retail store in New Jersey under the infringing service mark and trade name **BOBBY'S**, and therefore the defendant is doing business in New Jersey, and is subject to this Court's personal jurisdiction.

## BACKGROUND FACTS

4. Plaintiff Bobby's adopted, has used and is the owner of all rights, title and interest in the service marks **BOBBY'S DEPT. STORE** and **BOBBY'S** since December 1979, for use on retail store services selling various household goods and clothing, and has been using said marks in interstate commerce since at least as early as December 1979.

5. More specifically, Plaintiff Bobby's is the owner of U.S. Trademark Application Serial Number No. 87/698267 filed on November 27, 2017, for the service mark **BOBBY'S DEPT. STORE** for use in connection with retail store services, and online retail store services featuring various household goods and clothing, in International Class 35 (See official record of application for registration, attached hereto as Exhibit A). The application has been fully examined by the USPTO and was approved for publication recently on February 2, 2019. The mark was then officially published by the USPTO for opposition purposes on March 12, 2019. (Plaintiff had an earlier registration for the mark BOBBY'S issued in 1989 by the USPTO, which inadvertently lapsed when its prior trademark counsel passed away, in and around 2010; Reg. No. 1,555,313).

2

6.  The **BOBBY'S** and **BOBBY'S DEPT. STORE** service marks and trade names have become recognized by consumers and distributors as specifically emanating from plaintiff Bobby's. More specifically, as a result of plaintiff's continuous and extensive sales and marketing over a 40 year period, the **plaintiff's** service marks have become well-known throughout the retail industry, and particularly in the New York/New Jersey metropolitan area.

7.  Plaintiff operates 4 retail stores in the New York City and New Jersey metropolitan area using its service marks in connection with the sale and advertising of its retail store services, including use of the marks online. This includes a retail store located in Elizabeth, New Jersey, which has been operating since 1991.

8.  Defendant corporation, Bobby's Discount Inc., was formed in May 2017 with the State of New Jersey. Plaintiff learned in and around October 2017 that defendant Bobby's Discount Inc. was infringing on its service marks by using the identical service mark and trade name **BOBBY'S** for its retail store in Orange, New Jersey. Specifically, Defendant has been marketing and providing retail store services, including online, featuring the same goods as plaintiff, namely, household goods and clothing under the retail store service mark and trade name **BOBBY'S.** Attached as Exhibit B are color photos showing defendant's retail store in Orange, New Jersey, which is approximately only 21 miles from Plaintiff's store trading as BOBBY'S, in Elizabeth, New Jersey. Also attached as part of Exhibit B are defendant's social media and online marketing of its retail goods.

9. Defendant was advised by plaintiff's counsel sending cease and desist letters on October 17, 2017, which was re-sent on November 16, 2017, advising of plaintiff's service mark rights, and said letters demanded that plaintiff cease and desist from committing trademark infringement and unfair competition. The letters were sent by certified mail, Fedex and email. The October 2017 letter was re-sent on November 16, 2017 by Fedex and was signed for by Defendant's manager J. Bella on November 17, 2017. A further detailed cease and desist letter was sent by counsel to defendant on November 30, 2017. However, defendant has not responded at all or ceased use of the infringing mark and trade name in connection with its retail stores and web site/social media sites. Thus, Defendant has continued to use the identical **BOBBY'S** mark to unjustly enrich itself with full knowledge of plaintiff's trademark rights, which is egregious and in bad faith.

10. Still further, actual confusion has occurred several times where customers or prospective customers have confused the store names and **BOBBY'S** marks of plaintiff and defendant, and have been confused as to whether they are operated by the same owners, or whether the stores are affiliated with each other or part of the same chain.

11. Defendant's use of the **BOBBY's** mark is willful and is financially damaging to plaintiff. As further evidence of willful infringement and bad faith intent, defendant's store signs are in the same red letters and white background as the letters of the **BOBBY'S** store signs displayed by plaintiff on its stores.

12. During 2018, Plaintiff has been investigating its claims and gathering evidence as to defendant's activities, and plaintiff has also been prosecuting its U.S. Trademark

4

application in 2018 so that it could secure approval from the USPTO and be in a position to soon obtain a federal registration of its mark prior to filing suit in the U.S. District Court.

13. Specifically, plaintiff's '267 trademark application referenced above passed the examination phase, and was recently approved for publication and published by the USPTO on March 12, 2019. A registration is expected to be printed in and around May 2019. Upon issuance of the registration, this Complaint will be amended to add a count for trademark infringement under 15 U.S.C. 1114, protecting federally-registered marks.

14. Based on all of the foregoing, and the attached exhibits, plaintiff then proceeded to file this lawsuit.

## COUNT 1

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. 1125(a)

15. Defendant's actions of providing retail store services featuring household goods and general consumer products using the identical service mark **BOBBY'S**, in interstate commerce, in the same geographic area, without the consent of plaintiff, is a false designation of origin and a misrepresentation as to source, and has caused and continues to cause a likelihood of confusion, mistake, and deception in the minds of the public.

16. Defendant's use of the identical service mark **BOBBY'S** as a false designation of origin and a misrepresentation as to source in interstate commerce has infringed plaintiff's service mark rights in the **BOBBY'S and BOBBY'S DEPT. STORE**

5

Marks identified above in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

17. Defendant's use of the identical service mark **BOBBY'S** as a false designation of origin and a misrepresentation as to source in interstate commerce has infringed plaintiff's service mark rights in its **BOBBY'S** mark identified above in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and has allowed defendant an unfair advantage to obtain gains, profits and inflict a disadvantage on plaintiff based on its infringing use of the **BOBBY'S** mark.

18. By reason of the foregoing, plaintiff has been injured by way of lost sales and profits in an amount not yet fully determined, but believed to be in excess of $500,000.

19. Defendant's actions have been knowing, intentional, wanton, and willful, entitling plaintiff to actual monetary damages, treble damages, defendant's profits, plaintiff's attorney's fees, the costs plaintiff incurs in this action, and any other remedies awarded by this Court.

## COUNT 2

## NEW JERSEY UNFAIR COMPETITION N.J.SA. §56 et seq.

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above, as if fully set forth and incorporated herein.

21. Defendants' actions of advertising and providing retail store services in the field of household goods and related consumer items under Plaintiff's service mark **BOBBY'S,** in interstate commerce, in the same geographic area, and without the consent of Plaintiff, has caused and continues to cause confusion, mistake, and deception in the minds

of the public.

22. Defendant's actions constitute palming off, misappropriation and infringement of Plaintiff's service marks **BOBBY'S** and **BOBBY'S DEPT. STORE**, which is actionable under the New Jersey law of unfair competition.

23. By reason of the foregoing, Plaintiff has been injured in a damage amount not yet fully determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000) of lost profits since 2017, due to lost sales with various customers by virtue of defendant's use of plaintiff's mark.

24. Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages in an amount not yet fully determined but believed to be at least Five Hundred Thousand dollars($500,000), plus punitive damages, defendant's illegal profits, attorney's fees, and the costs of this action.

**WHEREFORE**, plaintiff demands:

1. a preliminary and permanent injunction preventing defendant's continued infringement of plaintiff's **BOBBY'S** mark, and **BOBBY'S DEPT. STORE** mark, and all confusingly similar variations thereof, preventing defendant's continued use of the infringing mark **BOBBY'S**, as a false designation of origin, a misrepresentation as to source, and preventing continued unfair competition.

2. an accounting of profits and money damages under Section 1117 of the

Lanham Act resulting from defendant's service mark infringement, false designation of origin, and unfair competition, and the trebling of such damages under the federal trademark laws, because of the knowing, intentional, willful, and wanton nature of defendant's conduct;

3. an award of punitive damages under New Jersey state law for intentional and willful acts of unfair competition;

4. an award of interest, attorney's fees, and costs;

5. That defendant be required to pay to plaintiff damages in the amount not yet determined by believed to be in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000) which plaintiff has sustained in consequence of defendant's infringement of said **BOBBY'S** Mark, and the **BOBBY'S DEPT. STORE** mark, and said unfair trade practices and unfair competition, and to account for:

(a) All gains, profits, and advantages derived by defendant by said service mark infringement, unfair trade practices and unfair competition; and

(b) All gains, profits, and advantages derived by defendant by its infringement of said service mark and such damages as to the Court shall appear proper within the provisions of the federal trademark statutes;

6. That plaintiff have such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff hereby demands its right to trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                        Respectfully submitted,
                        **Bobby's Dept. Store Inc.**

By:   s/Joseph Sutton/
       JOSEPH E. SUTTON (JS-9864)
       EZRA SUTTON (ES-2189)
       **EZRA SUTTON, P.A.**
       Plaza 9 Bldg., 900 U.S. Hwy. 9
       Woodbridge, New Jersey 07095
       (Ph.) 732-634-3520
          (Fax) 732-634-3511

       Attorneys for Plaintiff
       Bobby's Dept. Store Inc.

       Trial Counsel
       EZRA SUTTON, Esq.
       Plaza 9, 900 Route 9
       Woodbridge, New Jersey 07095
       (732)-634-3520 PH
       (732)- 634-/3511 FAX
       Attorneys for Plaintiff

Dated: April 2, 2019